The Honorable George Hopkins State Senator 78 Harver Hills Malvern, Arkansas 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on the following question:
 Would an agreement for perpetual maintenance of a drainage ditch by the City of Malvern, evidenced by City Council Resolution and Easement entered between the City and a landowner, violate Article 12, Section 4
of the Arkansas Constitution as exceeding the revenue of the city beyond the fiscal year in which the agreement was made?
Your request provides no further description of the agreement, but I assume that it obligates the city to maintain the ditch in consideration of the landowner's grant of an easement in favor of the city.
The constitutional provision referred to in your request provides in part:
 The fiscal affairs of counties, cities and incorporated towns shall be conducted on a sound financial basis. . . . [No] city council, board of alderman [sic], board of public affairs, or commissioners of any city of the first or second class, or any incorporated town, enter into any contract or make any allowance for any purpose whatsoever or authorize the issuance of any contract or warrants, scrip, or other evidences of indebtedness in excess of the revenue for such city or town for the current fiscal year; nor shall any mayor, city clerk or recorder, or any other officer or officers, however designated, of any city of the first or second class or incorporated town sign or issue scrip, warrant or other certificate of indebtedness of [sic] excess of the revenue from all sources for the current fiscal year.
If my assumption (that the agreement does not obligate the city to pay money) is correct, it is my opinion that the agreement would not be in violation of Ark. Const. art. 12, § 4. That constitutional provision, in my opinion, is not implicated except in cases where a county, city, or town pays or agrees to pay money. I have located no case or other law suggesting that the provision has any application to contracts not providing for the payment of money by a governmental body subject to the provision.
In the event my assumption is incorrect, and the agreement does obligate the city to pay money, I am unable to render an opinion on the question. Whether amounts payable under a particular contract are in excess of the amounts permitted under Ark. Const. art. 12, § 4, is a question of fact which must be answered in light of all the relevant facts and circumstances. This office is neither equipped nor empowered to make the factual inquiry and findings necessary to reach a conclusion on such questions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh